(120 App. Div. 561)

### DURKOS v. CHELSEA JUTE MILLS.

(Supreme Court, Appellate Division, Second Department.   June 28, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—QUESTIONS FOR JURY.

 In an action for injuries to a servant, it appeared that he stopped a certain spinning machine in order to place bands of yarn on the machine, and that while he was fixing it the machine was started and he was injured. He testified that as the machine started he saw the girl who tended it running away from the place where it could be started. *Held*, that it was error to send the case to the jury on the question whether defendant had not neglected to make and promulgate some rule in respect of the stopping of the machine for repairs and starting them which would prevent such an accident; the court not having stated what the rule should be, and having given no suggestion of the nature or contents of any rule that might have prevented the accident.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1037.]

 Hirschberg, P. J., and Woodward, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Joseph Durkos, by Anna Durkos, his guardian ad litem, against the Chelsea Jute Mills. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, MILLER, and GAYNOR, JJ.

James B. Henney, for appellant.

Albert E. Richardson, for respondent.

GAYNOR, J.   The verdict is without any support. The defendant introduced no evidence. The plaintiff worked in the defendant's factory. His duty was to replace the bands on the spinning machines as they wore out every three or four days. It was not belting, or anything like that, but simple woven bands in the machine. It was simple work. His evidence is that as he was fixing the bands on a machine it was started up by some one, and his arm was caught in the gears and twisted and hurt to some extent. The machine had

to be stopped to be fixed by him, and was stopped for that purpose. He says that as the machine started he faced around and saw the girl who attended or ran it run away from the place on the side of the machine where it would be started. "She had to come right close to me to start the machine," he says—from two to three feet. He did not see her come and start it, but saw her running away. She knew that it was stopped for him to fix the bands; he told her. This is all the evidence about starting the machine. It could not start except some one started it.

The learned and able trial judge sent the case to the jury on the one question whether the defendant had not neglected to make and promulgate some rule in respect of the stopping of the machines for repairs and starting them, which would prevent such an accident. He did not say what the rule should be; there is no suggestion by him or anywhere in the case of the nature or contents of any rule that might have prevented the accident. A case cannot be sent to a jury in that way. A general essay is not what the law requires to be given to the jury as a charge, but a concrete and exact statement of the point of fact submitted to them. No one can tell what rule the jury secretly determined should have been promulgated, or whether they determined that any was necessary, or possible, or practicable; so that we have nothing before us on which to review the case on the head on which it was decided. But beyond all this, there is no evidence whatever (as strange as it sounds) that the defendant had not promulgated rules on the subject. It may or may not be that compensation should be made for all injuries in factories, and that a scheme for that purpose should be enacted as law; but the courts do not enact laws; they only interpret and follow the law as it is.

The judgment should be reversed.

JENKS and MILLER, JJ., concur.   HIRSCHBERG, P. J., and WOODWARD, J., dissent.

Judgment and order reversed and new trial granted; costs to abide the event.