CARNOCHAN v. ERIE R. CO.

(Supreme Court, Special Term, Rockland County. July 15, 1911.)

1. RAILROADS (§ 337*) — INJURIES TO PERSONS NEAR TRACK — NEGLIGENCE — —PROXIMATE CAUSE.

Where an automobile, through a defect in its machinery, stopped so near a railroad track that a passing train hit it, the statement of a flagman stationed there that no train would be by for a long time, made after the automobile stopped, was not the proximate cause of the injury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1090–1095; Dec. Dig. § 337.*]

2. RAILROADS (§ 340*) — INJURIES TO PERSONS NEAR TRACKS — FLAGMAN — DUTIES.

A flagman stationed at a crossing where there were two tracks, whose duty it was to warn the public when the near approach of a train was indicated by the ringing of a gong, has no authority to give information as to when trains will pass, and, such information being without the scope of his authority, the act of the flagman in giving erroneous information cannot render the railroad company liable.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1102–1104; Dec. Dig. § 340.*]

3. RAILROADS (§ 307*)—INJURIES TO PERSONS NEAR TRACK—FLAGMAN.

Where an automobile through some fault in its machinery stopped upon a railroad track at a crossing where there were two tracks, it was not the duty of the flagman to leave his post of duty and go up the track

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and stop any train which might strike the automobile, and the railroad company is not liable for his failure to do so.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 977; Dec. Dig. § 307.*]

Action by Gouveneur M. Carnochan against the Erie Railroad Company. Judgment for defendant.

M. B. Patterson, for plaintiff.

Bacon & Rorty, for defendant.

TOMPKINS, J. Plaintiff seeks to recover for injuries to his automobile through the alleged negligence of the defendant's flagman, who was stationed at a public highway crossing, near the Hillburn station on the defendant's railroad. By stipulation the action was tried before the court without a jury. The amount of the plaintiff's damage is not in dispute, nor is there any question of contributory negligence on plaintiff's part. The only question is whether there was any negligence on the defendant's flagman's part, for which the defendant is legally responsible.

At the place of the accident there are the two main tracks of the Erie Railroad, one known as the "east-bound track," and the other known as the "west-bound track," and over these tracks many trains are run daily in both directions, some on schedule and others not on schedule. Besides, a number of light engines (so called) pass over the highway every day. The public highway which crosses the defendant's tracks at grade at this point, and which it was the said flagman's duty to guard, is a very largely traveled thoroughfare, running through Orange and Rockland counties, and known as "the Turnpike." The view of travelers upon the highway approaching the railroad track from both directions is more or less obscured by the lay of the land and the presence of trees along the sides of the highway, while on the east or north side of the tracks there are buildings and embankments that interrupt the view down the track; and these conditions, together with the character of the immediate approaches of the highway to the tracks, combine to make the crossing a very dangerous one, and such was its character at the time of this accident.

The plaintiff with his automobile approached the east-bound track and got close to it, when for some unexplained reason the gears became locked, and could not be moved, leaving the front of the car so close to the track that, when an east-bound train came along about five minutes later, the step on the first passenger car back of the engine came in contact with the front of the automobile, thereby causing the damage for which this action is brought. The automobile was not upon the track, but so near it that the projecting step of a passenger car, after the engine had safely passed, struck the front of it. The accident happened and the damage was done because the automobile stopped in that position, and refused to move for about five minutes, and until the train came along and struck it, in spite of the best efforts made by the

plaintiff and several others, including the defendant's flagman, to move it.

There are two charges of negligence made against the flagman, which plaintiff insists the defendant is responsible for: First, that he was negligent and careless in saying to the plaintiff, when the dangerous position of the automobile was first apparent, that "no train would come along for a long time," when, in fact, the train that hit the machine did come along in four or five minutes; second, that he was negligent in not sooner going up the track with a red lantern or flag to warn and stop the approaching train.

[1] I think there was no negligence in either respect, and no facts that would sustain a finding of negligence by a jury upon either ground, or that would justify a submission of either question to a jury. As to the first, the statement by the flagman to the plaintiff to the effect that no train would be along for a long time was made after the automobile had stopped, and was in the position in which it was struck, and had no connection with the stopping of the automobile, or with keeping it there. Indeed, it cannot be said that such statement by the flagman was the proximate cause of the accident, because it appears that, in spite of such statement, the plaintiff and his chauffeur and his friends who were riding with him did all they possibly could to release the car and remove it from its dangerous position, and that their efforts were continuous from the time it stopped until it was struck; so that, had plaintiff known a train was coming within five minutes, no more could have been done than was done to save the automobile from injury. Even assuming, therefore, that the flagman was speaking within the scope of his authority, and in the line of his work and duty, and was negligent in so speaking, I do not see how liability on defendant's part can be predicated thereon, because it was not the proximate cause of the accident, nor a contributory proximate cause thereof.

[2] But, further, it is my conclusion that his said statement was entirely outside of his authority as a flagman, and no part of his duty, and therefore not binding on the defendant. He did not know, nor was it his business to know, when trains would reach the crossing, except as he was warned of their immediate approach by the ringing of an automatic bell signal which was maintained at the crossing, or by the whistle of an approaching train. His duty was not to inform passers-by when trains would reach the highway, but to guard the crossing and keep people off it when the near approach of a train was indicated by the ringing of the electric bell, or the sounding of the whistle, or in any other way. It was outside the scope of his employment to forecast the approach of trains that were not within sight or hearing. He might guess at it, but he could not know for a certainty just when, or even approximately when, the next east-bound train would reach the crossing, nor was he charged with that duty by the defendant, nor did he owe it to the public, and hence his statement to the plaintiff is no part of the res gestæ, and is inadmissible against the defendant.

[3] The plaintiff's claim that the defendant should be charged

with negligence because the flagman did not leave the crossing and go up the track and signal the approaching train to stop is equally untenable. In the first place, he did not and could not know of the near approach of the train until he heard the electric bell or the train whistle, and the proof is that then he ran up the track and made a futile attempt to stop it. His duty, however, was at the crossing to protect the public from trains approaching in both directions. While he was up the track to head off an east-bound train in order to save an automobile, a train might have come along on the west-bound track and killed a number of human beings. His sole duty under his employment, and the instructions given him, and the rules by which he was guided in his work, was to remain at the crossing and warn the public of the approach of trains, and to leave that post of duty would be negligence for which his employer would be liable if an accident was occasioned thereby.

To prevent a catastrophe or loss of human life by an obstruction upon the track that might endanger a train load of people would undoubtedly justify and require the flagman leaving his crossing unguarded to stop the oncoming train and thereby prevent a great calamity. That would be his moral duty, as it is the duty of every man, to save others from peril. Common humanity would demand it, but for the failure of a crossing flagman to so act the railroad company would not be liable. Whether there was negligence that entitles the plaintiff in this action to recover depends upon the manner in which the flagman performed his legal duty, which was to remain at the crossing and guard those using the public highway from trains, the approach of which was indicated to him by bell, whistle, or otherwise. Under the circumstances of this case, he was not justified in leaving the crossing, although he did so when he heard the train approaching and tried to stop it. There was no careless act or omission on the part of the flagman that caused or contributed to this accident, and no evidence that would warrant the submission of any question of fact to a jury.

Judgment for defendant.