RAMSAY v. ARBUCKLE et al.

(Supreme Court, Appellate Division, Second Department.   December 28, 1911.)

MASTER AND SERVANT (§ 185*)—MEDDLESOME ACTS OF EMPLOYÉ—EMPLOYER'S LIABILITY.

 One is not liable for injury to his employé caused by meddlesome act of another employé in suddenly starting a machine at which the injured employé was working, where the act was without instruction, unauthorized, and not to be expected.

 [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 185.*]

Appeal from Trial Term, Kings County.

Action by William F. Ramsay against John Arbuckle and another. From a judgment for plaintiff and from an order denying a new trial, defendants appeal.   Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Edward P. Mowton, for appellants.

Frank W. Holmes, for respondent.

THOMAS, J.   Plaintiff, defendants' servant, has recovered judgment for personal injuries received while correcting the adjustment of a coffee packing machine, which was suddenly started into motion by a girl whose duty it was to deliver circulars to this and other machines.   The machine was one of twelve then in use.   Each had an attendant, and over the attendant were operators, of whom plaintiff was one, whose duty it was, upon discovering or learning of imperfect operation of a machine, to make such repairs as did not demand the skill of a mechanic.   The plaintiff had stopped the machine for adjustment, and, while he was busy with it, a girl who had been for a few days serving as above stated appeared from a side opposite the plaintiff and started the machine.   It was a meddlesome act, done suddenly in the face of the usual attendant, done without instruction, against duty, unauthorized by practice, and not expectable from her previous actions.   The usual attendants started and stopped machines, as did the operators; but this interfering action of the girl who fed circulars to the machines was beyond any related experience or intelligent expectation.   And yet the jury has found that in the exercise of ordinary care the master should have anticipated that somebody would start the machine when an operator had intervened to suspend work on it and make adjustment. · What should the master do?

The plaintiff suggests that the master should have by rule required a sign to be placed on the starting lever, or that an employé should not start a machine without first walking around it to discover whether an operator was at work upon it.   The operator would not start the machine himself; and, as the attendant knows that the operator has taken possession of the machine to adjust it, why notify her in writing?   For whom, then, is the proposed rule?   For possible erratic, undutiful, and forward girls, who have no right to start the

machine? Notify persons who have no right to start it to walk around it before doing so, or that some person is engaged upon it for whom they should look out before trespassing? It would be as reasonable to require an engineer to hang a sign on the locomotive, stating that he was under it, lest an intruder should start it. There was no rational apprehension that the attendant would start it, and errand girls are not shown to have made mischief in like manner. There is nothing save the plaintiff's serious misfortune that can account for a verdict that is supported by no right reason.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.