## KEMPCZINSKI v. CHELSEA FIBRE MILLS.

(Supreme Court, Appellate Division, Second Department.    July 25, 1913.)

Appeal from Trial Term, Kings County.

Action by Victor Kempczinski against the Chelsea Fibre Mills. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Nicholas W. Hacker, of New York City, for appellant.

Bertrand L. Pettigrew, of New York City (Walter Lester Glenney, of New York City, on the brief), for respondent.

PER CURIAM.    Judgment affirmed, with costs.

JENKS, P. J., and BURR and THOMAS, JJ., concur.

CARR, J. (dissenting). This is an appeal from a judgment of the Trial Term in Kings county, dismissing plaintiff's complaint at the close of his proofs. The action was brought by a servant against a master to recover for the alleged negligence of the master. The defendant is a corporation, which has a large fiber mill, in which there are many persons employed and many machines used. Plaintiff was in the employment of this company about eight years before the accident, and for a period of about six years of this time he was a rigger, employed in splicing ropes used in the fiber machines. On the day of the accident he was sent by his foreman to splice and adjust a rope which formed a part of a machine, a picture of which will be found at page 39 of the record. With him went a helper, who assisted him in the manipulation of the adjustment of the rope. While he was inside the machine adjusting the rope, the machine started and went fast, and a portion of the rope which was wound around a sheath came off and got in contact with a cogwheel and caught plaintiff's feet in such a manner that he was seriously injured.

At the trial the question narrowed itself down practically to the alleged negligence of the master in failing to promulgate sufficient rules for the protection of its servants from the negligence of their coservants. The plaintiff showed that defendant had placed about in various parts of the building in question printed rules in apparently three languages, English, Italian, and Polish. None of these rules covered the subject of any duty on the part of operators of the machines, if said machines had been stopped, to make an investigation to see whether any of the employés whose duty it was to repair the machines were in and about the machine, in such a position that the starting of the machine without giving them warning might cause them great injury. This failure to promulgate such a rule as this is what the plaintiff relies upon on this appeal, practically. I think that, within the settled cases applying to the promulgation of rules where large numbers of employés are at work, it was negligence on the part of a master, such as this defendant, not to promulgate such a rule as this.

The respondent relies upon three cases cited in its brief, each of which is distinguishable from the case at bar. In Durkos v. Chelsea Jute Mills, 120 App. Div. 561, 105 N. Y. Supp. 183, this court reversed a judgment which had been obtained against a defendant manufacturing company in favor of the plaintiff, for alleged negligence, on the ground of failure to promulgate suitable rules for the guidance of employés. This court, through Gaynor, J., found fault with the judgment below because the trial court had neglected to instruct the jury as to what rules should have been promulgated, and left the question to the jury to speculate upon, in their judgment, as to the kind of a rule the master should have promulgated and enforced. It was further stated in the opinion that there was no proof in the record that the master had not promulgated rules on the subject. Of course, the situation is different here, for this case was dismissed at the end of plaintiff's proofs.

In Ramsay v. Arbuckle, 147 App. Div. 685, 132 N. Y. Supp. 579, an operator had stopped his machine for the adjustment of some part that had become temporarily out of order, and while the machine was stopped, and he was at work on it, a girl, who had nothing whatever to do with the machine as a part of her duties, came forward and in pure meddlesomeness started the machine and caused an injury to the operator. It was claimed by the plaintiff that some rule should have been promulgated by the masters which would have forbidden such an act. This court said, however, through Thomas, J., that the act of starting this machine was that of an erratic, undutiful, and forward girl, who had no right to start the machine, and whose action could not have been anticipated in any way by the masters, and therefore their failure to promulgate a rule to meet such a situation was not negligence.

In Kirkover v. Lackawanna Steel Co., 134 App. Div. 792, 119 N. Y. Supp. 537, the defendant had promulgated a rule which forbade employés to set in motion any machinery without first assuring themselves, by personal investigation, that there were no persons in or about such machinery whose safety would be endangered by so doing, and providing likewise that any employé disregarding this rule would be discharged from the service of the company. In spite of this rule, however, a fellow employé negligently set in motion some machinery, which caused injury to the plaintiff, and it was held that defendant was not liable for the act of the fellow employé, as it had taken proper care, by promulgation of the rule in question, to provide against such contingencies.

Now it is just such a rule as was involved in the last-cited case that plaintiff claims should have been promulgated by the defendant in its large factory. The respondent urges, however, that there is no proof that, in addition to the printed rules set up in defendant's factory, it had not given oral instructions and rules to the operators of just this tenor. Now, of course, there is no proof that there were no oral instructions on this point. I think, however, that where it is shown that a set of printed rules has been promulgated for the guidance of employés, and which set is posted throughout defendant's mill,

this printed set will be presumed to have embraced all the rules promulgated, and that, if there were any other rules or instructions, it was incumbent upon defendant to establish that fact.

Respondent further argues that plaintiff was guilty of contributory negligence, in that on this particular occasion he did not make sufficient endeavor to find out the operator of this machine, and to notify him that he (the plaintiff) was about to do some repair work on it. The testimony of the plaintiff shows that the usual operator of the machine was not about the machine when he began the work of adjusting the ropes. He testified that he was working on the machine about 20 minutes before the accident happened. He likewise testified that in all his previous work of repairing ropes in these machines he had sought out the operator and notified the latter that he was about to begin work of repairs on the machine. From the fact that he gave no notice of this kind to the operator on this occasion, the respondent argues that plaintiff was guilty of contributory negligence as matter of law. This claim seems to me far-fetched. It appears quite sufficiently that the operator was not at the machine when plaintiff came to work upon it. This machine had been stopped for some time, awaiting these repairs. In any event, the question of contributory negligence under these circumstances would have been for the jury, and not for the court as a matter of law.

The judgment should be reversed, and a new trial granted; costs to abide the event.