Sax Lumber Co., 139 App. Div. 746, 124 N. Y. Supp. 325.

---

CALDWELL et al., Respondents, v. MAS-SEE, Appellant. (Supreme Court, Appellate Division, First Department. December 31, 1913.) Action by James H. Caldwell and others against William J. Massee. F. L. Crocker, of New York City, for appellant. T. C. P. Martin, of New York City, for respondents. No opinion. Judgment and order affirmed, with costs. Order filed.

---

CANN, Respondent, v. LUCKETT, Appellant. (Supreme Court, Appellate Division, Second Department. December 31, 1913.) Action by Florence E. Cann against William H. Luckett. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, upon the ground that the verdict was contrary to the evidence.

---

CARNEY, Respondent, v. POWERS, Appellant. (Supreme Court, Appellate Division, Third Department. November 26, 1913.) Application of Cornelius M. Carney against Thomas F. Powers.

PER CURIAM. Order modified, so as to direct the referee to make inquiry as to the circumstances under which this agreement was made and as to its legality and fairness, and report the same to the court with his conclusions, and by striking therefrom the provision vacating and declaring void the agreement between Powers and Cornelius M. Carney, and the direction that any moneys found due on the assumption this agreement is void be paid by Powers to Carney, and reserving determination of the defendant's liability until the coming in of the report. The accounting as directed by the order appealed from shall be taken if the referee is of the opinion that the agreement should be vacated. As so modified the order is affirmed, without costs to either party.

---

CARNEY, Respondent, v. POWERS, Appellant. (Supreme Court, Appellate Division, Third Department. November 26, 1913.) Application of James Carney against Thomas F. Powers.

PER CURIAM. Order modified, so as to direct the referee to make inquiry as to the circumstances under which this agreement was made and as to its legality and fairness, and report the same to the court with his conclusions, and by striking therefrom the provision vacating and declaring void the agreement between Powers and James Carney, and the direction that any moneys found due on the assumption this agreement is void be paid by Powers to Carney, and reserving determination of the defendant's liability until the coming in of the report. The accounting as directed by the order appealed from shall be taken if the referee is of the opinion that the agreement should be vacated. As so modified, the order is affirmed, without costs to either party.

---

CARNOCHAN, Appellant, v. ERIE R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. November 28, 1913.) Action by Gouverneur M. Carnochan against the Erie Railroad Company. No opinion. Judgment (73 Misc. Rep. 131, 130 N. Y. Supp. 514) unanimously affirmed, with costs, upon the opinion of Mr. Justice Tompkins at Trial Term.

---

CAROLLO, Respondent, v. CHELSEA FIBRE MILLS, Appellant. (Supreme Court, Appellate Division, Second Department. November 21, 1913.) Action by Luigi Carollo, by his guardian ad litem, Dionisio Carollo, against the Chelsea Fibre Mills.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, on the ground that no distinct basis of defendant's liability was shown. Plaintiff had been instructed to operate the machine, and how to start and stop it, and was made familiar with the use of the belt-shifting gear by which the power was applied and turned off. A part of the operator's duties was to clear off the cogs if they became clogged by shreds of jute. He was told not to touch the gear to clean it, unless the machine was at rest. With such strict caution, first to have the machine stopped before cleaning the gears, the direction or method for the operator to touch the cogs with his hands, instead of using an appliance, did not become a negligent one because of the possibility that some intermeddler might start up the machine while plaintiff was thus engaged. Ramsay v. Arbuckle, 147 App. Div. 685, 132 N. Y. Supp. 579.

---

CARPENTER, Respondent, v. CARPENTER, Appellant. (Supreme Court, Appellate Division, First Department. December 26, 1913.) Action by Walton T. Carpenter against Mildred A. Carpenter. G. Gruenberg, of New York City, for appellant. G. Foster, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

CARROLL et al., Appellants, v. PIERRON et al., Respondents. (Supreme Court, Appellate Division, Second Department. December 12, 1913.) Action by Margaret M. Carroll and others against Henry J. Pierron, as executor, etc., and others. No opinion. Order affirmed, with $10 costs and disbursements.

---

CARRUTHERS, Respondent, v. WAINWRIGHT et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 5, 1913.) Action by Frederick W. Carruthers, Jr., against Walter Wainwright and another.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, for error in receiving testimony of conversations between Sloane and Huber, in defendants' absence.

JENKS, P. J., not voting.