### ROSS v. RODGERS & HAGERTY, Inc.

(Supreme Court, Appellate Division, Second Department. April 14, 1916.)

MASTER AND SERVANT ☜97(2), 185(2)—MEDDLESOME ACT OF FELLOW EMPLOYÉ —EMPLOYER'S LIABILITY—ANTICIPATION OF ACCIDENT.

 One is not liable for injury to his employé, caused by the act of an officious fellow employé in suddenly dumping a gravel car, so that the contents fall on him, where the act was unauthorized, and not within the employer's reasonable apprehension.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 163, 387; Dec. Dig. ☜97(2), 185(2).]

 Thomas, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Joseph T. Ross against Rodgers & Hagerty, Inc. From a judgment for plaintiff, and denial of a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Edward F. Lindsay, of New York City, for appellant.
Sydney A. Syme, of Mt. Vernon, for respondent.

JENKS, P. J. This is an action for negligence, brought by servant against master. The defendant, in construction of a sewer, was working trains of cars to carry and to discharge loads of sand and gravel. The plaintiff was one of a gang whose duties included this "dump" work, and on the day in question had been tolled off with a companion by Richards, the foreman, to unhook each of the first four cars of a train, so that the car could dump its contents to the left side of a trestle. Naturally the plaintiff stood at the right side. The plaintiff had unhooked the first car, and it had dumped its contents to the

left side. This had been done upon the order from Richards to "dump it." After Richards had given a similar order with respect to the second car, and the plaintiff had gone to unhook it, another employé of the defendant "jumped" and unhooked the car, so that the contents were dumped to the right side and upon the plaintiff.

It appears from the plaintiff's testimony that this kind of work had been doing for two months; that Richards would pick out the servants to dump the cars, and would order the other men to shovel away the gravel; that the order to dump the car was given to the plaintiff, who went to the car to dump it, when one of the shovelers, "instead of doing what he was told to do," took a shovel and "knocked up the hook," and thus dumped the contents upon the plaintiff. Further, the plaintiff testifies that Richards was not talking to this "Italian" (i. e., the volunteer); "he talked to me, but they jumped and dumped it just the same."

I think that the finding of negligence is against the weight of the evidence. Richards had detailed the men—who should dump the cars and who should do shovel work. They had gone about their work. The order, "Dump it!" had been carried out by the plaintiff and his fellow, as they had been assigned, without confusion. Was Richards, in the exercise of due care, bound to foresee that upon repetition of such an order, although the plaintiff went about its execution, one of the shovel gang might "jump" in ahead of the plaintiff and knock out the hook with his shovel, so as to dump the car improperly? The Italian was an intermeddler, whose officious activity was not warranted by anything said or omitted to be said by Richards, and his interference was not within the reasonable apprehension of the foreman. I think that the case falls within the principle of Ramsay v. Arbuckle, 147 App. Div. 685, 132 N. Y. Supp. 579.

The judgment and order are reversed, and a new trial is granted; costs to abide the event.

CARR, MILLS, and RICH, JJ., concur. THOMAS, J., dissents.